

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~WILL WILSON~~ XXXX
ATTORNEY GENERAL

Honorable J. S. Murchison, Executive Director
State Department of Public Welfare
Austin, Texas

Dear Mr. Murchison:          Opinion No. 0-4264-A

Re: Interpretation of residence in
determining eligibility for aid
to dependent children.

· Your letter of request for an opinion from this department is as follows:

"We would like to submit for your further consideration and opinion the following facts in relation to the interpretation of the residence requirement for aid to dependent children.

"Article III, Section 51d, of the Constitution, provides in part:

"'. . . . The Legislature may impose residential restrictions and such other restrictions, limitations, and regulations as to it may seem expedient.'

"House Bill 611, Section 17, provides in part: '. . . "Dependent Child" is any individual:

"'(2) Who has resided in this State for a period of at least one (1) year immediately preceding the date of the application for assistance; or was born within the State one (1) year immediately preceding the date of application, and whose mother has resided in the State for a period of at least one (1) year immediately preceding the birth of such child; and . . .'

"The Department has heretofore submitted a request for an opinion interpreting the residence requirements for old age assistance, aid to the blind and aid to dependent children, and the opinion, No. 0-4264, appeared to be based on the constitutional requirement of 'actual' residence.

"The constitutional amendment providing for old age assist-
and and aid to the blind did require 'actual' residence; however, the
constitutional amendment providing for aid to dependent children
gives the Legislature the right or authority to make whatever rules
and regulations that that body may deem expedient.

"(1) Does 'actual' residence as defined and interpreted in
Opinion No. 0-4264 relate to aid to dependent children?

"(2) If the first question is answered in the negative, then
what character of residence is required of children in order to
qualify for aid to dependent children?

"(3) If the first question is answered in the negative, then
does the residence of a child follow that of its parents; if the par-
ents are separated, does it follow the residence of the parent with
whom the child lives; if both parents are deceased, how is the resi-
dence of the child determined?"

Opinion No. 0-4264, to which you refer, was written as applying
to Sections 51d and 51c of Article III of the Constitution, in each of which
Sections, relating respectively to old age assistance and assistance to the
needy blind, the requirement of "actual bona fide citizens of Texas" occurs.
Emphasis was laid upon the word "actual". Section 51d, from which you
quote, contains no such qualification of residence as to assistance to desti-
tute children, but on the contrary provides "the Legislature may impose
residential restrictions, and such other restrictions, limitations, and regu-
lations as to it may seem expedient."

With respect to dependent children, the Legislature has provided
in Section 17 of H. B. No. 611 of the Regular Session, 47th Legislature,
that:

"Aid to dependent children shall be given under the provisions
of this Act with respect to any dependent child. 'Dependent Child'
is any individual:

"(1) Who is a citizen of the United States; and
"(2) Who has resided in this State for a period of at least
one (1) year immediately preceding the date of the application for

assistance; or was born within the State one (1) year immediately preceding the date of application, and whose mother has resided in the State for a period of at least one (1) year immediately preceding the birth of such child; and

"(3) Who is under the age of fourteen (14) years; and

"(4) Who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent; and

"(5) Who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, or aunt, in a place of residence maintained by one or more of such relatives as his or their own home; and

"(6) Who has not sufficient income or other resources to provide a reasonable subsistence compatible with decency and health."

It will be seen the Legislature has not qualified the residence of such child in the manner adopted in the Constitution with respect to old age and the needy blind.

Sections 18 and 19 of H. B. No. 611 both refer to the residence, qualifications, and the latter is especially indicative of a more liberal rule of construction than that pertaining to Sections 51b and 51c of the Constitution, providing as it does:

"When the investigation discloses that a child in whose behalf application for assistance has been made is a needy dependent child as defined in this Act, and that such child is living, or will live, with one or more of the relatives prescribed in this Act, assistance may be allowed for the support of such child if other provisions of this Act are complied with." (Emphasis our's)

Your questions are therefore answered as follows:

(1) For the reason first given above, your first question is answered No.

(2) In the light of the Constitution (Section 51d) and the statute above quoted applying to dependent children, a liberal rule of construction as to residential qualifications should be adopted. This is in keeping with the general purpose of the law, and does no violence to any other provision whatsoever.

(3) Ordinarily, the residence of a child follows that of its parents, and if the parents are separated, the residence follows that of the parent with whom the child lives. If both parents are deceased, the residence of the child is determined by the residence of the person with whom it lives.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By　　　　　Ocie Speer
Assistant

OS-MR

APPROVED APR 6, 1945

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
By　　　　　
Chairman